UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

SILVESTRO LOVERDE,
A 40-230-089

           **PLAINTIFF**                       CASE NO.  07 CV 2040

v.

DISTRICT DIRECTOR,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
NEW YORK, NEW YORK

           **DEFENDANT**
_____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF MANDAMUS TO COMPEL DEFENDANT'S DETERMINATION OF FORM N-400 NATURALIZATION APPLICATIONS**

# I. INTRODUCTION

1.      Plaintiff is a naturalization applicant who is trapped in naturalization limbo. He has waited for more than three years since his naturalization interview without being formally notified that his applications has been granted or denied or of the procedures to be followed for the administration of the oath of allegiance.  He has suffered grievously as a result of this delay. He has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport; and the protection of the United States government when outside the United States. He also has been subjected to the fear, despair, and uncertainty engendered by the inability to obtain citizenship. Defendant has failed and refused to timely grant or deny the naturalization application and to timely swear in naturalization of Plaintiff, who has passed his naturalization exam, as required by the applicable provisions of federal law.

2. Plaintiff requests that this Court issue injunctive relief and a writ in the nature of mandamus compelling Defendant to make a determination to grant or deny naturalization under 8 USC section 1446 and to conduct ceremonies to administer the oath of allegiance under 8 USC section 1448. Plaintiff also seeks a corresponding declaratory relief.

# II. JURISDICTION

3.      Jurisdiction is conferred on the Court by 8 USC section 1447(b), 28 USC section 1361, 28 USC section 1331(a), 8 USC sections 1443-1448, 5 USC sections 701-706.

4.      This Court also has jurisdiction to grant declaratory relief pursuant to 28 USC sections 2201 and 2202 and Fed. R. Civ. P. 57 and 65.

# III. VENUE

5.      Venue is proper to the Southern District of New York, since the Defendant District Director has his principal place of business there.

# IV. PARTIES

**Plaintiff**

6.      Plaintiff Silvestro Lo Verde (Alien Registration Number A40-230-089), is a resident of Brooklyn, New York and is a naturalization applicant.

**Defendant**

7.      Defendant is the District Director of the New York, New York District Office of U.S. Citizenship and Immigration Services, and its Chief Administrative Officer. The New York, New York District Office is responsible for conducting interviews of naturalization applicants, making the determination to grant or deny the application, and conducting ceremonies to administer the oath of allegiance.

# V. ALLEGATIONS

8.      Plaintiff has properly applied for naturalization under 8 USC section 1445. U.S. Citizenship and Immigration Services has examined the Plaintiff for naturalization under 8 USC section 1446 and has failed to make a determination to grant or deny the application at the time of the initial examination or within 120 days after the initial examination. Plaintiff has not been notified that his application was granted or denied and, if granted, of the procedures for taking the oath of allegiance, as required by 8 USC section 1447(b) and 8 CFR section 335.3.

9.      Plaintiff alleges on information and belief that, as a result of the defendant's failure to perform his duty to make a determination on the naturalization application of Plaintiff at the time of the initial examination or within 120 days after the initial examination and the Defendant's failure to notify Plaintiff that his applications were granted or denied and, if granted, of the procedures for taking the oath of allegiance, Plaintiff has been deprived of a timely determination of his naturalization applications and admission to citizenship.

10.     The Plaintiff seeks a determination by this Court of whether or not the Defendant's failure to perform his duty to make a determination on Plaintiff's naturalization application, to notify Plaintiff that the application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance, and to conduct an oath ceremony so as to ensure timely naturalization violates 5 USC section 706(1), 8 USC sections 1447(b) and 1448(d), and 8 CFR sections 335.3 and 337.2(a).

11.     No administrative remedies under the INA remain to be exhausted that would not be futile or would provide the relief sought in this complaint.

12.     Defendant has failed and refused to grant or deny Plaintiff's naturalization application within the time required by federal law and to conduct a timely ceremony to administer the oath of allegiance, thus making appropriate the grant of injunctive relief and issuance of a writ in the nature of mandamus to compel administrative action by Defendant to make a timely determination on the naturalization application, to notify Plaintiff that his application has been granted or denied, and, if granted, of the procedures to administer the oath of allegiance, and to conduct timely ceremonies to administer the oath of allegiance, and for corresponding declaratory relief.

13.     As a result of Defendant's conduct, Plaintiff was required to retain counsel and to incur costs, fees and expenses in prosecuting this case. Plaintiff intends to seek fees under the Equal Access to Justice Act.

## VI. THE STATUTORY AND REGULATORY SCHEME OF THE NATURALIZATION PROCESS

14.     Congress has created a comprehensive statutory scheme that guarantees that eligible applicants will be naturalized in a prompt and dignified fashion while guaranteeing the integrity of the naturalization process. Regulations have reinforced the express desire of Congress for a prompt but accurate naturalization process. 8 USC §§1443 - 1445 provide the requirements for citizenship and the means of application. 8 USC §1446 provides the procedure for conducting the final examination upon applications for citizenship.  8 USC §1446(b) provides

that the Attorney General shall designate employees of the Service to conduct the examinations and 8 USC §1446 (d) provides that those designated employees "shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 CFR §335.3 provides further that "[t]he applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance..."  8 USC §1447(b) provides that if that determination is not made "before the end of the 120-day period after the date on which the examination is conducted" the applicant may apply to a United States District Court for relief. 8 CFR §335.3 similarly requires that "a decision to grant or deny the application shall be made at the time of the initial examination of the applicant.

## VII. THE CHALLENGED PRACTICES

15.     Despite the clear intent of Congress, Defendant has denied Plaintiff the rights secured to him pursuant to the relevant statutes and regulations.  Despite the statutory and regulatory mandate, Plaintiff has not been formally notified that his application has been granted or denied either at the naturalization examination or within 120 days thereafter.

16.     Plaintiff, who was told by his examiner that he had passed the notarization examination and could expect to be sworn in soon, later learned that his application was actually under review or being reconsidered or simply pending. He was not provided with information regarding the oath taking ceremony at the time of passing the examination. Plaintiff has waited for over three years since his examination and has not been notified as to whether he has been approved, nor has he been sworn in.

17.     As a result of Defendant's inaction, Plaintiff has waited well more than 120 days, in fact more than three years and five months without any information as to his status or the schedule of his swearing in.

## VIII. FACTUAL ALLEGATIONS

18.    Plaintiff Silvestro LoVerde was interviewed for naturalization on October 11, 2003.  At the time of his interview, Plaintiff was told that he had passed the naturalization examination but that he would have to wait for the oath of naturalization to be administered due to a pending background check.  (Plaintiff has no criminal history either in the United States or abroad.) Subsequently, Attorney John A. Nicelli, who was retained by Plaintiff, sent letters of inquiry to U.S. Citizenship and Immigration Services on the following dates: February 24, 2005; April 27, 2005; September 23, 2005; March 29, 2006; October 6, 2006; and December 14, 2006. (Please see Exhibits A – F.)  Plaintiff's Attorney received a formulaic response from Yuniya Van Gronigen, Supervisory District Adjudications Officer, dated December 27, 2005, stating that U.S. Citizenship and Immigration services was "awaiting the results of routine mandatory agency security clearance" and would notify Plaintiff of the results of this clearance as soon as they were received.  (Please see Exhibit G.)  However, since that time, Plaintiff has not received further notification from U.S. Citizenship and Immigration Services

19.    Plaintiff has exhausted his administrative remedies and, for his losses, has no adequate remedy at law.

## IX. FIRST CLAIM FOR RELIEF
## (VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT)

Plaintiff realleges and incorporates by reference paragraphs 1 through 19 inclusive.

21.    Defendant has violated and continue to violate 8 USC section 1447(b), 8 USC section 1448(d) and 8 CFR section 335.3, 8 CFR and 8 CFR section 337.2:

a.    by failing to make a determination on the naturalization application of Plaintiff at the time of the initial examination for naturalization or within 120 days after the initial examination was conducted, as required by 8 USC section 1447 and 8 CFR section 335.3;

b.    by failing to notify Plaintiff that the application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship, as required by 8 CFR section 335.3;

22.     As a result of Defendant's violation of 8 USC sections 1447(b) and 1448(d) and 8 CFR section 335.3, Plaintiff has been unlawfully deprived of a timely determination of his naturalization application and timely swearing in as a United States citizen. Due to the failure of Defendant to timely process Plaintiff's application and to conduct ceremonies to administer the oath of allegiance, Plaintiff has been unlawfully deprived of either: (a) the opportunity to timely obtain the substantial and unique benefit of naturalization, or (b), if naturalization would have been denied, (i) the right to a timely reexamination to overcome deficiencies or submit required evidence under 8 CFR section 335.3 within 120 days of the initial examination, or (ii) if denied on reexamination, the right to a timely review hearing before an immigration officer under 8 USC section 1447(a) and 8 CFR section 336.2; the right to file timely a petition for review in the District Court under 8 USC section 1421(c) and 8 CFR sections 336.9(b)-(c); or the right to timely file a new application for naturalization.

# X. SECOND CLAIM FOR RELIEF
# (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

23.     Plaintiff realleges and incorporates by reference paragraphs 1 through 19 inclusive.

24.     Defendant is in violation of the Administrative Procedure Act, 5 USC section 701 et seq., (a) in that he has unlawfully withheld and unreasonably delayed agency action to which Plaintiff is entitled and (b) in that they have taken action that is arbitrary and capricious, an abuse of discretion and not in accordance with law:

i.     by failing to make a determination on the naturalization applications of Plaintiffat within 120 days after the initial naturalization examination was conducted, as required by 8 USC section 1447 and 8 CFR section 335.3;

ii.     by failing to notify Plaintiff that the application has been granted or denied, and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship, as required by 8 CFR section 335.3;

25.     As a result of Defendant's violation of 8 USC sections 1447(b) and 1448(d) and 8 CFR sections 335.3 and 337.2(a), Plaintiff has been unlawfully deprived of a timely determination of his naturalization application and timely swearing in as United States citizens. Due to the failure of Defendant to timely process plaintiff's application and to conduct a ceremony to administer the oath of allegiance, Plaintiff has been unlawfully deprived of either: (a) the opportunity to timely obtain the substantial and unique benefit of naturalization, or (b), if naturalization would have been denied, (i) the right to a timely reexamination to overcome deficiencies or submit required evidence under 8 CFR section 335.3 within 120 days of the initial examination, or (ii) if denied on reexamination, the right to a timely review hearing before an immigration officer under 8 USC section 1447(a) and 8 CFR section 336.2; the right to file timely a petition for review in the District Court under 8 USC section 1421(c) and 8 CFR sections 336.9(b)-(c); or the right to timely file a new application for naturalization.

# XI. IRREPARABLE INJURY

26.     As a result of Defendant's failure to perform his duty, under 8 USC sections 1447(b) and 1448(d) and 8 CFR sections 335.3 and 337.2(a) to make a determination on Plaintiff's naturalization application within 120 days after passing the naturalization examination; to notify Plaintiff that his applications has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance; and to conduct a timely ceremony to administer the oath of allegiance, Plaintiff has suffered, is suffering and will continue to suffer irreparable harm. Plaintiff has suffered a protracted and unconscionable delay in the determination of his naturalization application and in the administration of the oath of citizenship He has suffered grievously as a result of this delay.  He has been deprived of the substantial and unique benefits of citizenship, including protection of the laws of the United States equal to that granted to citizens; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport; and the protection of the United States government when outside the United States. He also has been subjected to the fear, despair, and uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities, including

medical treatment, out of concern he may miss a long-delayed swearing-in ceremony; the inability to file visa petitions for immediate relatives as a United States citizen; and the loss, or threatened loss, of life-sustaining federal benefits.

## REQUEST FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests the Court to:**

1.      Accept jurisdiction and maintain continuing jurisdiction of this action.

2.      Declare as unlawful the violation by Defendant and his agents of 8 USC sections 1447(b) and 1448(d) and 8 CFR sections 335.3 and 337.2(a) in failing to make a determination on the naturalization applications of Plaintiff within 120 days after the initial examination was conducted; failing to notify Plaintiff that the application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct a ceremony to administer the oath of naturalization.

3.      Declare as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 USC section 706(1), the violation by Defendant and his agents, of 5 USC section 706(1), 8 USC sections 1447(b) and 1448(d) and 8 CFR sections 335.3 and 337.2(a) in failing to make a determination on the naturalization applications of Plaintiff within 120 days after the initial examination was conducted; failing to notify Plaintiff that the application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct a ceremony to administer the oath of naturalization.

4.      Declare as agency action that is arbitrary and capricious, an abuse of discretion, and not in accordance with law, pursuant to 5 USC section 706(1), the violation by Defendant and his agents, of 5 USC section 706(1), 8 USC sections 1447(b) and 1448(d) and 8 CFR sections 335.3 and 337.2(a) in failing to make a determination on the naturalization applications of Plaintiff within 120 days after the initial examination was conducted; failing to notify Plaintiff

that the application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance that is required for admission to citizenship; and failing to conduct a ceremony to administer the oath of naturalization.

6.      Issue a preliminary and permanent injunction pursuant to 28 USC section 1361 and 5 USC section 706(1) compelling Defendant and his agents to make a determination, under 8 USC section 1447(b) and 8 CFR section 335.3, of the naturalization applications of Plaintiff and to notify Plaintiff that their applications have been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance.

7.      Issue a writ in the nature of mandamus, pursuant to 28 USC section 1361 and 5 USC section 706(1), compelling Defendant and his agents to make a determination of the naturalization applications of Plaintiff, to notify Plaintiff that his application has been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance, and to conduct a ceremony to administer the oath of naturalization within 20 days of the issuance of such writ.

8.      Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 USC section 2412.

9.      Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

_____
Visuvanathan Rudrakumaran, Esq.
Law Office of Visuvanathan Rudrakumaran
875 Avenue of the Americas, Suite 2309
New York, NY  10001
Tel: (212) 290-2925
Fax: (212)290-2303

Date: March 8, 2007

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

SILVESTRO LOVERDE,
A 40-230-089

**PLAINTIFF**                                           CASE NO.  07 CV 2040

v.

DIRECTOR,
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
NEW YORK, NEW YORK;
**DEFENDANT**

_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of March 2007, *I caused to be served the*:

**SUMMONS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF MANDAMUS TO COMPEL DEFENDANT'S DETERMINATION OF FORM N-400 NATURALIZATION APPLICATIONS**

(describe the documents being served)_____
(check):

____     by placing the same in a sealed envelope, with postage thereon fully prepaid  and causing the same to be mailed by first class mail to the person at the address set forth below.

____     by causing the same to be personally delivered a true copy thereof to the person at the address set forth below.

  X      by causing the same to be sent via Certified Mail with Return Receipt to the person at the address set forth below

ADDRESS OF THE PERSON BEING SERVED:

U.S. Attorney's Office
86 Chambers Street, Third Floor
New York, NY  10007

District Director
U.S. Citizenship and Immigration Services
26 Federal Plaza
New York, NY  10278

Alberto Gonzales, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Michael Chertoff, Secretary of Homeland Security
U.S. Department of Homeland Security
Washington, D.C. 20528

I declare under penalty of perjury that the foregoing is true and correct.

_____
Visuvanathan Rudrakumaran, Esq.